﻿Citation Nr: AXXXXXXXX
Decision Date: 03/31/20 Archive Date: 03/31/20

DOCKET NO. 190430-7484
DATE: March 31, 2020

ORDER

Readjudication for the claim of entitlement to service connection for a left knee condition is warranted.

Readjudication of the claim for entitlement to service connection for acid reflux disease is warranted. 

Readjudication for the claim of entitlement to service connection for chest pain is warranted. 

Readjudication of the claim for entitlement to service connection for sleep apnea is warranted. 

Readjudication for the claim of entitlement to service connection for shortness of breath is warranted. 

Readjudication for the claim of entitlement to service connection for sinusitis is warranted. 

Entitlement to service connection for acid reflux disease is denied.

Entitlement to service connection for sinusitis, to include as due to asbestos exposure, is denied.

Entitlement to service connection for chest pain, to include due to asbestos exposure, is denied.

Entitlement to service connection for shortness of breath, to include due to asbestos exposure, is denied.

Entitlement to service connection for sleep apnea, to include secondary to major depressive disorder, is denied.

REMANDED

Entitlement to service connection for a left knee condition is remanded.

FINDINGS OF FACT

1. An August 1983 rating decision denied the claim of entitlement to service connection for a left knee condition.

2. New evidence was received after the August 1983 denial that is relevant to the issue of entitlement to service connection for a left knee condition.

3. A January 2010 rating decision denied the claim of entitlement to service connection for acid reflux disease, chest pain, severe sleep apnea, shortness of breath, and sinusitis.

4. New evidence was received after the January 2010 denial that is relevant to the issues of entitlement to service connection for acid reflux disease, chest pain, severe sleep apnea, shortness of breath, and sinusitis.

5. The preponderance of the evidence is against finding that acid reflux disease began during active service or is otherwise related to an in-service injury or disease. 

6. The preponderance of the evidence of record is against finding that sinusitis manifested in service, or is etiologically related to service, to include exposure to asbestos.

7. The preponderance of the evidence is against finding that chest pain began during active service or is otherwise related to an in-service injury or disease. 

8. The preponderance of the evidence is against finding that shortness of breath began during active service or is otherwise related to an in-service injury or disease. 

9. The preponderance of the evidence is against finding that sleep apnea began during active service or is otherwise related to an in-service injury or disease. 

CONCLUSIONS OF LAW

1. The criteria for readjudicating the claim of entitlement to service connection for left knee condition have been met. 38 C.F.R. §§ 3.156(d).

2. The criteria for readjudicating the claim of entitlement to service connection for acid reflux disease have been met. 38 C.F.R. §§ 3.156(d).

3. The criteria for readjudicating the claim of entitlement to service connection for chest pain have been met. 38 C.F.R. §§ 3.156(d).

4. The criteria for readjudicating the claim of entitlement to service connection for sleep apnea have been met. 38 C.F.R. §§ 3.156(d).

5. The criteria for readjudicating the claim of entitlement to service connection for shortness of breath have been met. 38 C.F.R. §§ 3.156(d).

6. The criteria for readjudicating the claim of entitlement to service connection for sinusitis have been met. 38 C.F.R. §§ 3.156(d).

7. The criteria for service connection for acid reflux disease are not met. 38 U.S.C. §§ 1110, 1131, 5107; 38 C.F.R. §§ 3.102, 3.303. 

8. The criteria for service connection for sinusitis are not met. 38 U.S.C. §§ 1110, 1131, 5107; 38 C.F.R. §§ 3.102, 3.303. 

9. The criteria for service connection for chest pain are not met. 38 U.S.C. §§ 1110, 1131, 5107; 38 C.F.R. §§ 3.102, 3.303. 

10. The criteria for service connection for shortness of breath are not met. 38 U.S.C. §§ 1110, 1131, 5107; 38 C.F.R. §§ 3.102, 3.303. 

11. The criteria for service connection for sleep apnea are not met. 38 U.S.C. §§ 1110, 1131, 5107; 38 C.F.R. §§ 3.102, 3.303, 3.310. 

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran served on active duty in the United States Army from August 1978 to August 1982.

In April 2019, the Veteran filed a decision review request and elected evidence review. 38 C.F.R. § 19.2(d). Based on the Veteran's choice to pursue a direct review of his appeal, the Board will decide the appeal based on the evidence of record at the time of the prior decision as well as evidence received by the appellant within 90 days of his request. The Board notes that the rating decision on appeal was issued in March 2019.

New and Relevant Evidence

The new and material evidence issues regarding left knee condition, acid reflux disease, chest pain, sleep apnea, shortness of breath and sinusitis have been recharacterized to reflect the applicable evidentiary standard. 38 C.F.R. §§ 3.2501(a)(1), 19.2. VA will readjudicate a claim if new and relevant evidence is presented or secured. 38 C.F.R. §§ 3.156(d). “Relevant evidence” is evidence that tends to prove or disprove a matter in issue. 38 C.F.R. §§ 3.2501(a)(1).

1. Readjudication for the claim of entitlement to service connection for left knee condition is warranted.

In an August 1983 decision, the claim for service connection for left ankle condition was denied based on no current diagnosis. At the time of that decision the pertinent evidence of record included the Veteran’s service treatment records. The Veteran did not appeal the decision or submit new and material evidence within the appellate period. Therefore, the decision became final.

The evidence received since the August 1983 decision includes post-service medical records. This evidence is new and relevant as it was not of record as of the August 1983 decision and pertains to whether the Veteran has a left knee condition, which is a matter in issue. Therefore, readjudication of the claim is warranted. 

2. Readjudication of the claim for entitlement to service connection for acid reflux disease and sleep apnea 

In a January 2010 decision, the claims for service connection for acid reflux disease and sleep apnea were denied based on lack of evidence of current diagnoses related to military service. At the time of that decision the pertinent evidence of record included the Veteran’s service treatment records. The Veteran did not appeal the decision or submit new and material evidence within the appellate period. Therefore, the decision became final.

The evidence received since the January 2010 decision includes post-service medical records. This evidence is new and relevant as it was not of record as of the January 2010 decision and pertains to whether the Veteran has current diagnoses of acid reflux disease and sleep apnea, which are matters in issue. Therefore, readjudication of the claims is warranted.

3. Readjudication for the claim of entitlement to service connection for chest pain, shortness of breath, and sinusitis 

In a January 2010 decision, the claims for service connection for chest pain, shortness of breath and sinusitis were denied based on lack of evidence of current diagnoses related to military service. At the time of that decision the pertinent evidence of record included the Veteran’s service treatment records. The Veteran did not appeal the decision or submit new and material evidence within the appellate period. Therefore, the decision became final.

The evidence received since the January 2010 decision includes post-service medical records and VA examinations dated December 2016. This evidence is new and relevant as it was not of record as of the January 2010 decision and pertains to whether the Veteran has current diagnoses of chest pain, shortness of breath and sinusitis related to military service, which are matters in issue. Therefore, readjudication of the claims is warranted.

Service Connection

Service connection may be granted for a disability resulting from a disease or injury incurred in or aggravated by active service. See 38 U.S.C. § 1110, 1131; 38 C.F.R. § 3.303. “To establish a right to compensation for a present disability, a veteran must show: ‘(1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service’ – the so-called “nexus” requirement.” Holton v. Shineski, 557 F.3d 1362, 1366 (Fed. Cir. 2010) (quoting Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004)).

4. Acid Reflux Disease

The Veteran contends he is entitled to service connection for acid reflux disease. The Veteran alleges his acid reflux is due to eating mess hall food quickly in-service. 

The Board concludes that, while the Veteran has a diagnosis of acid reflux disease, the preponderance of the evidence is against finding that it began during active service, or is otherwise related to an in-service injury, event, or disease. 

Review of the service treatment records reveal no complaints, treatments or diagnoses related to acid reflux disease. The post-service medical records reveal a diagnosis of severe reflux in May 2006 after a modified barium swallow study. At the study, the Veteran reported numerous factors that contribute to his reflux, such as his general lifestyle and irregular eating habits with a diet of spicy, fatty, heavy foods; however, he did not disclose any in-service contributing causes to reflux. 

While the Veteran is competent to report about his in-service eating habits, determining the exact nature and etiology of acid reflux disease requires medical knowledge or training and specialized testing which the Veteran is not shown to have. Jandreau v. Nicholson, 492 F.3d 1372, 1377 (Fed. Cir. 2007). Additionally, the Board finds the Veteran’s statement contributing reflux to his in-service eating habits to be inconsistent with his self-reports noted in the treatment record indicating poor lifestyle and diet choices. Buchanan v. Nicholson, 451 F.3d 1331, 1336-37 (Fed. Cir. 2006) (The Board must assess not only competency of any lay statements, but also their credibility); Caluza v. Brown, 7 Vet. App. 498, 511 (1995). 

While the Veteran may believe his acid reflux disease is related to how quickly he ate his food during service, the Board reiterates that the preponderance of the evidence weighs against findings that an in-service injury, event, or disease occurred.

Additionally, the VA’s duty to provide a VA examination is not triggered in this case. In determining whether VA’s duty to assist requires a VA medical examination or medical opinion, four factors are for consideration: (1) whether there is competent evidence of a current disability or persistent or recurrent symptoms of a disability; (2) whether there is evidence establishing that an event, injury, or disease occurred in service, or evidence establishing certain diseases manifesting during an applicable presumption period; (3) whether there is an indication that the disability or symptoms may be associated with the veteran's service or with another service-connected disability; and (4) whether there otherwise is sufficient competent medical evidence of record to make a decision on the claim. 38 U.S.C. § 5103A (d) (2012); 38 C.F.R. § 3.159 (c)(4) (2017); see McLendon v. Nicholson, 20 Vet. App. 79 (2006). The evidence of record does not establish that the Veteran’s claimed disability manifested during service or is related to service. As such, a VA examination or opinion is not necessary.

As such, the claim for entitlement to service connection for acid reflux disease. 

5. Sinusitis 

The Veteran contends he is entitled to service connection for sinusitis, to include due to asbestos exposure. 

The medical evidence establishes a current diagnosis of sinusitis with several complaints of colds and nasal congestion in-service; thus, the first and second elements of service connection are met. However, the preponderance of the evidence weighs against finding that the Veteran’s sinusitis began during service or is otherwise related to an in-service injury, event, or disease. 

The Veteran attended a VA examination in December 2016 to determine the nature and etiology of his sinusitis. The examiner opined that the Veteran’s current sinusitis is less likely than not incurred in or caused by his in-service upper respiratory infections. The examiner reviewed the service treatment records and noted the Veteran was treated seven times in service for upper respiratory infections but never diagnosed with sinusitis. The examiner reported that one of the seven visits was due to strep pharyngitis and of the remaining six visits the Veteran’s symptoms were not consistent with sinusitis, as sinusitis typically lasts two weeks and a cold typically lasts seven to ten days, but the Veteran’s symptoms averaged about two days. However, in December 1978 and August 1982, the Veteran had symptoms which persisted a week or more but both times he was negative for sinus headache, facial pressure or discolored nasal discharge and in 1982 he reported a sore throat which is not typical of sinusitis. Based on the examiner’s thorough review of the Veteran’s treatment records, she concluded his in-service episodes were consistent with viral or other acute respiratory infections. The examiner also explained that the Veteran’s post-service medical records reveal that he was first diagnosed with sinusitis in October 2004 with a formal evaluation in April 2006 and only sporadic complaints and treatment since that time. The examiner clarified that this time period without symptoms or complaints from the Veteran’s in-service episodes until his diagnosis in 2004 is significant as it indicates that the in-service episodes resolved, which supports the examiner’s findings that those symptoms were most consistent with viral cold syndromes. 

The Board gives the examiner’s opinion significant weight as it provides an accurate medical history outlining each in-service episode of an upper respiratory infection along with a detailed explanation that contains clear conclusions and citations to supporting data in the record as to why each of these episodes are not related to the Veteran’s current sinusitis. Nieves-Rodriguez v. Peake, 22 Vet. App. 295, 304 (2008).

Alternatively, the Veteran alleges sinusitis due to asbestos exposures. There is no specific statutory guidance with regard to asbestos-related claims, nor has the Secretary promulgated any regulations in regard to such claims. However, VA has issued certain procedures on asbestos-related diseases which provide guidelines for use in the consideration of compensation claims based on exposure to asbestos. See VA Adjudication Procedure Manual, M21-1 MR, Part IV, Subpart ii, Chapter 2, Section C, para. 9 (December 13, 2005); see also McGinty v. Brown, 4 Vet. App. 428, 432 (1993). 

The latency period for asbestos-related diseases varies from 10 to 45 or more years between first exposure and development of the disease. Id. The M21-1MR lists occupations involving mining; milling; working in shipyards; insulation work; demolition of old buildings; carpentry and construction; manufacturing and servicing of friction products, such as clutch facings and brake linings; and manufacture and installation of products such as roofing and flooring materials, asbestos cement sheet and pipe products, and military equipment as some of the major occupations involving exposure to asbestos. See M21-1MR, Part IV, Subpart ii, Chapter 2, Section C, para. 9.f. The Veteran’s DD214 reveal that his military occupational specialty was cavalry scout, which is not an occupation with known asbestos exposure. Review of the military personnel records also do not reveal any evidence of exposure to asbestos. Furthermore, the Veteran has not provided any statements describing his alleged in-service exposure to asbestos. The evidence of record is negative for objective evidence of asbestos exposure in-service. 

As such, the Board finds that the preponderance of the evidence is against the claim of entitlement to service connection for sinusitis. 

 

6. Chest Pain and Shortness of Breath 

The Veteran contends he is entitled to service connection for chest pain and shortness of breath, to include due to asbestos exposure. 

The Veteran underwent a VA examination for respiratory condition in December 2016. The Veteran reported that he had a crushing chest injury in-service resulting in a broken right rib and required hospitalization. The Veteran stated that about fourteen years ago he noticed coughing and shortness of breath. He sought medical care but does not recall an initial diagnosis but reported that he started on oxygen within the last month. The examiner noted that the Veteran uses intermittent inhalational bronchodilator therapy and his October 2015 chest x-ray noted mild prominence of interstitial markings suggesting goiter vascular congestion and his December 2016 chest x-ray revealed pulmonary vascular congestion. 

Based on examination and review of the record, the examiner opined that the Veteran’s claimed inflammatory lung disease was less likely than not incurred in or caused by his chest wall contusion in service. The examiner noted that on April 20, 1979, the Veteran was hit in the chest by a tank gun turret in-service, after which he complained of shortness of breath and a chest contusion. The in-service evaluation diagnosed chest contusion despite indicating there was no bruising or abrasions of the chest wall and only tenderness over the sternum per the Veteran. Contrary, to the Veteran’s report, chest x-rays revealed no rib fractures and no hemo- or pneumothorax. A few days later the Veteran complained of being sore along the ribs and shoulder area, another chest x-ray was conducted which was again interpreted as being negative for pathology. The Veteran’s chest pain with coughing, deep breathing and sneezing was felt to be resolving symptoms from his chest wall contusion. The Veteran completed physical therapy and a note dated May 18, 1979 reported that he was improving. The service treatment records reflect no further visits for shortness of breath or chest pain after May 1979. The examiner reviewed the post-service medical records, commenting that the available records do not reveal an established pulmonary condition; however, the Veteran had general surgery in December 2016 for abdominal pain and received oxygen on discharge due to low oxygen saturations, with a diagnosis of chronic obstructive pulmonary disease (COPD). The examiner explained that the Veteran’s pulmonary function test (PFT) performed at this examination is inconsistent with a diagnosis of COPD. Furthermore, there is no established pulmonary pathology, the treatment notes indicate that the Veteran was at normal oxygen saturation on room air and the medical records reveal no complaints related to asthma or lung function. The Veteran’s follow up examination was also normal with no wheezing or other abnormal lung findings. Based on examination and thorough review of the medical evidence the examiner concluded that there is no established lung pathology at this time and no indication that the Veteran suffered any injury to his lungs in service. Furthermore, the examiner determined that the Veteran’s chest wall injury is most consistent with a superficial musculoskeletal injury that has resolved over time with no residuals. The examiner explained that any recent need for oxygen and breathing complaints are more likely related to his long history of tobacco use.

The Board gives probative weight to the December 2016 VA examiner. This opinion was conducted by a health care professional, who thoroughly reviewed the record and conducted a physical examination. This opinion is well supported by adequate rationale that contains clear conclusions, cites to the objective medical evidence of record and provides a detailed reasoned medical explanation connecting the two. See Nieves- Rodriguez v. Peake, 22 Vet. App. 295 (2008); Stefl v. Nicholson, 21 Vet. App. 120, 124 (2007). 

The Veteran also alleges entitlement to service connection for shortness of breath and chest pain due to asbestos exposure in-service. For the reasons previously discussed asbestos exposure in-service is not shown. 

As such, the Board finds that the preponderance of the evidence is against the claim of entitlement to service connection for shortness of breath and chest pain. 

7. Sleep Apnea 

The Veteran contends he is entitled to service connection for sleep apnea secondary to major depressive disorder. 

Secondary service connection may be established for a disability that is proximately due to, the result of, or aggravated beyond its natural progression by a service-connected condition and shall be service connected on a secondary basis. 38 C.F.R. § 3.310(a); see also Allen v. Brown, 7 Vet. App. 439 (1995). Establishing secondary service connection requires evidence of: (1) a current disability (for which secondary service connection is sought); (2) an already service-connected disability; and (3) that the claimed disability was either caused or aggravated by the already service-connected disability. Id. 

The evidence of record establishes a current diagnosis of sleep apnea; however, the Veteran is not service connected for major depressive disorder. While the Veteran has a pending claim of entitlement to service connection for major depressive disorder it is not before the Board as an appeal under the Veterans Appeals Improvement and Modernization Act (AMA). As such, while the Veteran provided articles and a private medical opinion to support his contention for secondary service connection, the Board does not have jurisdiction over the issue of entitlement to service connection for major depressive disorder and is unable to discuss its merits in this decision.

As such, the Board finds that service connection for sleep apnea secondary to major depressive disorder is not warranted as major depressive disorder is not an already service-connected disability. 

Alternatively, the Board also finds that direct service connection for sleep apnea is not warranted. The service treatment records are silent as to any complaints, treatments, or diagnoses related to sleep apnea and the post-service medical records indicate a diagnosis of sleep apnea around 2006, which is decades after the Veteran’s separation from service. As such, the preponderance of the evidence weighs against findings that an in-service injury, event, or disease occurred. 

The Board notes that the VA’s duty to provide a VA examination is not triggered in this case. The evidence of record does not establish that the Veteran’s claimed disability manifested during service or is related to service. As such, a VA examination or opinion is not necessary. 38 U.S.C. § 5103A (d) (2012); 38 C.F.R. § 3.159 (c)(4) (2017); see McLendon, 20 Vet. App. 79. 

As such, entitlement to service connection for sleep apnea is denied. 

REASONS FOR REMAND

1. Entitlement to service connection for left knee condition 

The issue of entitlement to service connection for left knee condition is remanded to correct a duty to assist error that occurred prior to the March 2019 rating decision on appeal. The Agency of Original Jurisdiction (AOJ) did not obtain a VA examination addressing direct service connection prior to the March 2019 rating decision on appeal. However, based on the evidence associated with the file prior to the rating decision on appeal establishing a diagnosis of arthritis of the knee and an alleged in-service injury to the knee, the Board finds that a VA medical opinion is required to determine whether the Veteran’s left knee condition is related to service.

The matters are REMANDED for the following action:

1. Schedule the Veteran for a VA examination with a medical professional with appropriate expertise to determine the nature and etiology of left knee condition. The examiner should review the Veteran’s claims file and address the following:

Whether it is at least as likely as not (a 50 percent or greater probability) that the Veteran’s left knee condition is related to active service or is caused by or aggravated by military service.

The term “at least as likely as not” does not mean within the realm of medical possibility, but rather that the medical evidence both for and against a certain conclusion is so evenly divided that it is as medically sound to find in favor of such a conclusion as it is to find against it. 

In all opinions rendered, the examiner is advised that the Veteran is competent to report his symptoms and treatment history including his reports of knee pain due to his alleged in-service injury with continued symptoms to the present. 

The examiner should elicit a full medical history from the Veteran regarding his in-service injury and continuity of symptomology since service. The opinion and rationale should reflect such consideration. If there is a medical basis to support or doubt the history provided by the Veteran, the examiner should provide a fully reasoned explanation.

If the medical professional cannot provide an opinion without resorting to mere speculation, he or she shall provide a complete explanation for why an opinion cannot be rendered. In so doing, the medical professional shall explain whether the inability to provide a more definitive opinion is the result of a need for additional information, or that he or she has exhausted the limits of current medical knowledge in providing an answer to that particular question(s).

 

 

G. A. WASIK

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board S. A. Prinsen

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.